KYLE SCHUMACHER (BAR #121887)
kschumacher@perryshields.com
**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**
227 N. Loop 1604 E. Ste. 130
San Antonio, TX. 78232
503-482-8137 ph
281-715-3209 fax

Attorneys for Plaintiff
Melinda Michelle Douglas

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| Melinda Michelle Douglas**,**<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Citibank, National Association; Department Stores National Bank; and DOES 1 through 100 inclusive,<br><br>　　　　　　　Defendants. | CASE NO.  3:20-cv-00402<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>　1.　Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Melinda Michelle Douglas ("Plaintiff" or "Douglas"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant Citibank, National Association (hereinafter "Citibank") and Defendant Department Stores National Bank, (hereinafter "DSNB") for their abusive and outrageous conduct in connection with debt collection activity.

3. DSNB is a subsidiary of Citibank and services specific consumer store accounts (DSNB and Citibank, collectively "Defendants").

4. While many violations are described below with specificity, this Complaint

alleges violations of the statutes cited in their entirety.

5. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

7. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

8. Plaintiff Melinda Michelle Douglas is an individual residing in the state of Oregon and is a "debtor."

9. At all relevant times herein, Defendants both engaged via mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt."

10. At all relevant times, each Defendant acted as a "debt collector."

11. Plaintiff had taken her first unsecured loan with Citibank in approximately 2015, and a subsequent unsecured loan in approximately 2018.

12. Plaintiff had taken her first unsecured loan with DSNB in approximately 2017.

13. The loans Plaintiff took from Defendants were extended primarily for personal, family or household purposes and is therefore a "debt."

14. Defendants have been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction."

15. Because Plaintiff, a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt."

16. Plaintiff is informed and believes that each Defendant is one who regularly collects or attempts to collect debts on behalf of itself and is therefore a "debt collector."

17. Plaintiff's accounts were unsecured loans and Plaintiff began making payments on the accounts.

18. Plaintiff began making payments on the loans before she became financially

unable to keep up with the monthly payments.

19. Defendants began contacting Plaintiff in or about September of 2019 to inquire about the status of the loans and to collect on the payments that were no longer being made.

20. Plaintiff retained counsel to assist in dealing with the Citibank and DSNB debts and to seek some type of financial relief.

21. Counsel for Plaintiff sent a letter of revocation to Citibank on or about September 21, 2019 and sent a letter of revocation to DSNB on or about September 21, 2019. Both Citibank and DSNB have the registered mailing address of 701 East 60th Street North, Sioux Falls, South Dakota, 57104.

22. Plaintiff believes her revocation and representation letters were received by each Defendant on September 29, 2019.

23. Plaintiff informed Defendants, through her letters of revocation, that she was revoking her consent, if it was previously given, to be called on her telephone.

24. Plaintiff received a letter from Citibank as "servicer for Department Stores National Bank" on or about October 2, 2019 (the "Acknowledgment Letter"), which confirmed Plaintiff's request to stop collection efforts.

25. Plaintiff was frustrated that Citibank continued to make unsolicited calls to her cellular telephone after contacting Citibank to revoke her consent, and after receiving the Acknowledgment Letter from Citibank on behalf of the DSNB account agreeing to cease collection efforts.

26. Plaintiff denies that she ever gave her express consent to be contacted on her cellular telephone by automatic dialing machines and pre-recorded messages.

27. Citibank continued to contact Plaintiff between approximately September 30, 2019 – March 2, 2020; the type of contact was through phone calls to Plaintiff on her cellular telephone.

28. Despite notice being sent, Citibank continued to contact Plaintiff on her cellular telephone regarding collection of her outstanding debt.

29. Citibank willfully ignored Plaintiff's letter of representation and continued to contact her for at least five (5) months following receipt of Plaintiff's revocation letter.

30. Despite being aware of Plaintiff's September 21, 2019 revocations, as evidenced by the Acknowledgment Letter, Citibank continued to contact Plaintiff on her cellular telephone.

31. Citibank's calls were frequent in nature and continued despite receiving written confirmation, and acknowledging receipt of said confirmation, that Plaintiff was revoking any consent that may have been previously given to be called on her cellular telephone.

## FIRST CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant and Does 1-100)

32. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

33. Since at least September of 2019, Defendants started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendants.

34. Citibank continued to call Plaintiff frequently after Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

35. Citibank's collection efforts after issuing the Acknowledgement Letter on behalf of the DSNB account shows Citibank's continued contact was made willfully and intentionally.

36. Defendants would contact Plaintiff frequently regarding payment on the accounts.

37. Defendants placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

38. Defendants contacted Plaintiff on at least three hundred and four (304) separate occasions after Plaintiff informed Defendants that she did not wish to be contacted on her cellular telephone and withdrew any prior consent that may have been given.

39. All calls placed by Defendants to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

40. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purpose as defined by 47 U.S.C. §227(b)(1)(A).

41. These telephone calls by Defendants, or its agent(s), violated 47 U.S.C. §227(b)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**a.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) & (C) for each and every violation.

    **b.**    Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

    **c.**    Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial.

Respectfully submitted,

**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: March 11, 2020

*/s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: March 11, 2020

*/s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff